Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Clinton Rooney (SBN 221628)
**Rooney & Lickel**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Tel: (619) 5739547

Attorneys for Rick Olazaba

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Rick Olazaba | Case Number: 10CV 2155 BEN POR |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Midland Funding, LLC and Law Offices of Brachfeld and Associates, PC; "Mr. Rodriguez", and Micheal Abdenor. | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. Rick Olazaba, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Midland Funding, LLC (Midland), the Law Offices of Brachfeld and Associates, PC, (Brachfeld), "Mr. Rodriguez" and Micheal Abdenor, as agents and employees of Defendant Brachfeld, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Midland Funding, LLC and Law Offices of Brachfeld and Associates, PC took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

8. Because Defendants do business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

11. Plaintiff is a natural person who resides in the County of Madera, State of California.

12. Defendants are located in the City of San Diego, in the State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

18. Sometime before May 12, 2009, Plaintiff is alleged to have incurred certain consumer related financial obligations with HSBC.

19. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, but before May 12, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22. Subsequently, but before May 12, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Midland for collection.

23. Subsequently, but before May 12, 2009, Defendant Midland retained Defendant Brachfeld as their legal counsel for the purpose of having Defendant Brachfeld attempt to collect on this alleged debt.

24. On or about May 12, 2009, Defendant Brachfeld, as counsel for Defendant Midland, filed a civil complaint in the Superior Court of California for the County of Madera against Mr. Olazaba claiming a debt was owed based on an alleged consumer debt arising from a consumer credit transaction and contract with "HSBC."

25. Subsequently, this civil complaint was communicated directly to Plaintiff.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. The case number of the above May 12, 2009 Complaint was MCV047346.
29. In this complaint, Defendants Midland and Brachfeld claimed to have a right to payment of the above alleged debt as an assignee of "HSBC."
30. Through this conduct, Defendants Midland and Brachfeld used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.
31. In this complaint, Defendants Midland and Brachfeld claimed to be suing within the statute of limitations for its causes of action.
32. Through this conduct, Defendants Midland and Brachfeld used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.
33. During discovery in the state matter, Defendants Midland and Brachfeld produced a copy of the contract at issue, which listed "Beneficial California, Inc." as the creditor and owner of the alleged debt, but not "HSBC."
34. This contract also established that Defendants Midland and Brachfeld had sued Plaintiff outside of the applicable statute of limitations.
35. Plaintiff then counter-claimed against Defendants pursuant to the FDCPA and California's Rosenthal Act.
36. On May 20, 2010, attorney Jim Trevino, an agent of Midland and Brachfeld, agreed with Mr. Olazaba to liquidate the claims of Midland if Mr. Olazaba agreed to mutually dismiss his counter-claims.
37. Subsequently, all parties in the state case reached a settlement and all claims, on both sides, were dismissed *with prejudice.*

38. On or about June 17, 2010, an agent or employee of Midland and Brachfeld identifying himself as Micheal Abdenor, called Mr. Olazaba and asked Mr. Olazaba to call Brachfeld's office at the telephone number of 866-834-3940, extension 6135.

39. This communication to was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

40. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendant Midland, Brachfeld and Abdenor communicated with the consumer in connection with the collection of a debt when Defendant Midland, Brachfeld and Abdenor knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant Midland, Brachfeld and Abdenor violated 15 U.S.C. § 1692c(a)(2), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

41. That same day, Mr. Olazaba called Defendant Abdenor, who told Mr. Olazaba that he needed to make arrangements to pay Midland for the above alleged debt.

42. Through this conduct, Defendant Brachfeld and Defendant Abdenor used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant Brachfeld and Defendant Abdenor violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

43. Defendant Midland is vicariously liable for the acts of its counsel, Defendant Brachfeld, and consequently, Defendant Midland also violated 15 U.S.C. §

1692e and 15 U.S.C. § 1692e(10), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

44. During this call, Mr. Olazaba explained to Mr. Abdenor that Midland had already dismissed case MCV047346.

45. Ignoring this, Mr. Abdenor told Mr. Olazaba that if Mr. Olazaba did not make immediate arrangements to pay Midland, that Mr. Abdenor would make sure that Midland sued Mr. Olazaba again.

46. Through this conduct, Defendant Brachfeld and Defendant Abdenor threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant Brachfeld and Defendant Abdenor violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

47. Again, Defendant Midland is vicariously liable for the acts of its counsel, Defendant Brachfeld, and consequently, Defendant Midland also violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

48. Mr. Olazaba then told Mr. Abdenor that California attorney Clinton Rooney was representing him with this matter. Mr. Abdenor demanded Clinton Rooney's contact information, and Mr. Olazaba gave it to him.

49. Mr. Olazaba then told Mr. Abdenor that since case MCV047346 had been dismissed, that he considered the issue to be resolved.

50. In response, Mr. Abdenor insisted that this was not the case, stating "No way! Do you think a bank is just going to let you walk away without paying?"

51. Mr. Olazaba then told Mr. Abdenor that he needed to speak to his attorney.

52. In response, Mr. Abdenor told Mr. Olazaba that he would only give Mr. Olzaba "one more chance," and that if he did not make payment arrangements Midland would sue him again.

53. Through this conduct, Defendant Brachfeld and Defendant Abdenor threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant Brachfeld and Defendant Abdenor violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

54. Again, Defendant Midland is vicariously liable for the acts of its counsel, Defendant Brachfeld, and consequently, Defendant Midland also violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

55. Mr. Olazaba told Mr. Abdenor that he would call Mr. Abdenor back after consulting with Mr. Rooney.

56. Mr. Olazaba then reviewed his file from case MCV047346 and noted that, per the Court's May 20, 2010 order, Midland's Complaint in case MCV047346 was dismissed with prejudice.

57. Mr. Olazaba then called Mr. Abdenor, to clarify that case MCV047346 was dismissed with prejudice, and therefore Midland could not sue Mr. Olazaba again regarding the debt alleged in case MCV047346.

58. Mr. Abdenor then transferred Mr. Olazaba's call to an employee or agent of Brachfeld who identified himself as Mr. Rodriguez.

59. Mr. Olazaba explained to Mr. Rodriguez that case MCV047346 was dismissed with prejudice, and therefore Midland could not sue Mr. Olazaba again regarding the debt alleged in case MCV047346.

60. Mr. Rodriguez immediately became aggressive, telling Mr. Olazaba that case MCV047346 was dismissed because Midland lacked documentary evidence, but that Midland now had documents to support its claims.

61. Mr. Rodriguez told Mr. Olazaba that the dismissal of case MCV047346 meant nothing, and that the dismissal gave Mr. Olazaba "no excuse to think that it's over."

62. Mr. Rodriguez told Mr. Olazaba that he was "un-American" because he had not paid Midland.
63. Mr. Rodriguez then demanded to know "Do you or do you not owe this money?  Do you think you can just walk away from this and not pay anything?"
64. Mr. Rodriguez then told Mr. Olazaba not to call Mr. Rodriguez anymore or waste his time, and then asked Mr. Olazaba what he was thinking by "trying to weasel your way out of this."
65. Mr. Olazaba told Mr. Rodriguez that he could not answer Mr. Rodriguez's questions until he spoke to his attorney.
66. Mr. Rodriguez replied that "this country is the way it is because of people like you, People who do not pay their bills."
67. At this point, Mr. Olazaba could hear laughter from other people behind Mr. Rodriguez, apparently listening to his conversation.
68. Mr. Rodriguez said that if Mr. Olazaba did not pay, he would make sure Midland sued Mr. Olazaba again.
69. Mr. Rodriguez said that Mr. Olazaba had better talk to his attorney, because he was "in big trouble."
70. Mr. Rodriguez then raised his voice even further, and yelled at Mr. Olazaba "Are you going to pay the money?"
71. Mr. Rodriguez then said "OK, if that's how you want it, we are going to sue you."
72. Mr. Rodriguez then hung up on Mr. Olazaba.
73. Through this conduct, Defendant Brachfeld and Defendant Rodriguez engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d, as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

74. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt when Defendants knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

75. Through this conduct, Defendant Brachfeld and Defendant Abdenor threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant Brachfeld and Defendant Abdenor violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

76. Again, Defendant Midland is vicariously liable for the acts of its counsel, Defendant Brachfeld, and consequently, Defendant Midland also violated 15 U.S.C. § 1692e(5), as well as California's Rosenthal Act as Cal. Civ. Code § 1788.17 incorporates the FDCPA.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

77. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

78. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

79. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

80. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

81. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

82. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every defendant, jointly and severally, and Plaintiff be awarded damages from each and every defendant, jointly and severally, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

83. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Hyde & Swigart

Date: October 11, 2010

By: *[signature]*
Robert L. Hyde
Attorneys for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
OCT 14 2010
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
Rick Olazaba

**DEFENDANTS**
Midland Funding, LLC and Law Offices of Brachfeld and Associates, PC; "Mr. Rodriguez" and DOES 1-10

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

**'10 CV 2155 BEN POR**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq
Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** 75,000.01
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 10/12/10
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 19138  AMOUNT $350  APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

TB 10-15-10

**ORIGINAL**

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019138
Cashier ID: mbain
Transaction Date: 10/15/2010
Payer Name: HYDE AND SWIGART
----------------------------------
CIVIL FILING FEE
 For: OLAZABA V MIDLAND FUNDING
 Case/Party: D-CAS-3-10-CV-002155-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 4142
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```